The Judges pronounced their opinions.
JUDGE TUCKER,
after stating the case. That a covenant is a deed, and that a seal is one of the essential parts of a deed, is evident from the authorities generally, and especially Co. Litt. 6, a. 35, b. 175, b. 225, a. and b. 229, b., and Litt. s. 371, 372. From several of which, and particularly the last two, it is apparent that the clause of in cujus rei testimonium ought to recite that the maker of the deed hath thereunto put his. seal: for, otherwise, a. supposititious seal may be affixed to any instrument of writing, without proof of the acknowledgment thereof by the maker of the instrument, and a mere parol promise or agreement may be converted into a covenant, which is ait instrument of a much higher nature; insomuch, that what might be considered as-mere nudum pactum, as in the case of Hite, Ex’r of Smith, v. Fielding Lewis’s Ex’rs, in this Court, October 29, 1804, (MS.) may, by the subsequent addition of a seal or scroll, be converted into an obligation which should not only bind'the maker and his executors, but his heirs also. For such would have been the effect of the writing signed by Fielding Lewis, in that case, “whereby he obliged himself, his heirs, executors and administrators to indemnify Mrs. Smith,” as executrix of Charles. Smith, for the latter having become security for his son, if there had been a seal, or scroll, added to that instrument, and acknowledged by the maker, in the clause of attestation. But if such mention be unnecessary in the body of the instrument, 491 how easily may any instrument *of the same kind be converted into one very different from it? The omission of the word “seal” in the clause of attestation, according to the maxim of law, “ex-pressum facit cessare taciturn,” does, in my opinion, preclude all evidence, dehors the instrument, of the execution of it in any other manner than is expressed in the body of the instrument. One of the reasons which are given why a deed must be pleaded with a profert in curia is, that the deed must be brought into Court for the purpose of inspection; and if (as is said in 10 Co. 92, b.) the Judges found'that it had been raised or interlined in any material part, they adjudged it to be void. Now, suppose the word seal had been found interlined in such an instrument as this, and no notice taken by the witnesses that such an interlineation had been made before the execution thereof, and nothing farther said about the seal; would not this have avoided the deed? I presume it would. So deeds, in which were erasures, have been held void, because they appeared, on the face of them, to be suspicious(d) Now what can be more suspicious than the apparent addition of a seal to an instrument, which the maker acknowledges under his hand only? Judge Buller, in the case of Master v. Miller, 4 Term Rep. 339, speaking on this subject, says, “when there is a profert of a deed, the deed or the profert must agree with that stated in the declaration, or the plaintiff fails. But the profert of a deed without a seal will not support the allegation óf a deed with a seal.” Neither, as I conceive, will the profert of an instrument, importing, in the body of it, to be executed under the hand of the party only, support the allegation of a deed sealed with the seal of the party, although a seal be to that instrument in reality affixed; inasmuch as that *193 may be done without the party’s knowledge or intention.
But here an objection arises upon the pleading. It may be said, the defendants have, by their plea of “covenants performed,” admitted the execution of the covenant set forth in the declaration. This is certainly correct: but, inasmuch as oyer was not asked of that covenant, it cannot be alleged that this identical instrument is the deed declared upon, and admitted by the plea. Every objection to the instrument on the ground of variance between the deed alleged in the declaration, and that which was offered in evidence, appears to me to have been still open to the defendant. I am, therefore, of opinion, that the judgment of the District Court was correct, and ought to be affirmed.
* JUDGE ROANE.
As to the objection made to the reception of the writing in evidence in support of the action, I think the impression of the Court in the case of Baird v. Blagrove,(a) is equally correct, and decisive in support of that objection. In this case, as in that, the paper is nowhere stated, in its body, to have been sealed; in this case, as in that, it is merely attested as simple contracts not under seal are; viz., “witness my hand,” &c. and in this case, as in that, a consideration is stated in the writing; which is a circumstance equally- unusual, and unnecessary, in relation to specialties. The mere circumstance of scrolls being annexed was not in that case sufficient to exalt the instrument into a specialty; nor ought it in this; especially, as there is only a single scroll in this case, which possibly might have been inserted through inadvertence or accident; whereas there were three scrolls in that case, whence a more solemn and deliberate execution of the instrument may be agreed to be inferible. The County Court, therefore, erred in admitting this paper in evidence, and the judgment of the District Court reversing its judgment is correct. Were this the only error, the District Court ought only to have awarded a new trial, with directions not to admit that paper in evidence in future; whereas it has given final judgment in favour of the deCendant; and this brings us to the sufficiency of the declaration.
That declaration states that the testator of the appellees obliged himself to convey all his interest in a certain lawsuit then pending against one John Smith, who was security for Giles Carter, “and in case he should not be legally bound by his said undertaking,” then also to convey to said Austin his right to a tract of land; and the declaration assigns breaches in not conveying the interest in the lawsuit, nor the right to the land; without averring, at the same time, that the said John Smith “was not legally bound” by' his undertaking, which is a condition precedent to his being bound by the last covenant. The plaintiff has therefore charged, and recovered damages upon, a breach of a covenant, which is not shewn in his declaration to have occurred, but which, as set out, is inchoate and incomplete, for want of this last-mentioned circumstance.
It is clear that a breach should be so set out as that it may clearly appear to be within the covenant; and, also, that, where a covenant is in the alternative, the breach 493 should be assigned as *to both parts thereof. This doctrine is found in 1 Esp. N. P. 363—366, and is decisive against the sufficiency of the present declaration.
On this ground, then, (without entering into the other points stated in the argument,) I am of opinion to affirm the judgment of the District Court.
JUDGE EEEMING
was of opinion, for the reasons stated by the other Judges, that the County Court erred in admitting the paper in evidence. He also concurred with Judge Roane in pronouncing the declaration essentially defective.
Judgment of the District Court unanimously affirmed.

 Bro. Abr. tit. Facts, pl. 11, cited 4 Term Rep. 323.

 1 Wash. 170.